RECEIVED
IN LAKE CHARLES, LA
APR 12 2006
ROBERT H. SHEMWELL, CLERK
WESTERN DISTRICT OF LOUISIANA

# UNITED STATES DISTRICT COURT

## WESTERN DISTRICT OF LOUISIANA

## LAKE CHARLES DIVISION

| | | |
|---|---|---|
| **JANETTE HEBERT** | : | **DOCKET NO. 06-160** |
| **VS.** | : | **JUDGE TRIMBLE** |
| **UNITED STATES POSTAL SERVICE AND KAREN DOUGLAS** | : | **MAGISTRATE JUDGE WILSON** |

## MEMORANDUM RULING

Before the Court is a "Motion to Dismiss" (doc. #5) wherein the defendants, the United States Postal Service and Karen Douglas move to dismiss the Complaint pursuant to Federal Rule of Civil Procedure 12(b)(1) for lack of subject matter jurisdiction. Plaintiff has filed no response to the motion. For the following reasons, the motion will be granted and the Complaint dismissed.

## FACTUAL STATEMENT

Plaintiff alleges the following in her Complaint. On or about September 29, 2004, Ms. Janette Hebert was stopped at a four way stop sign when she was struck by a United States Postal Service Jeep driven by Karen Douglas and employee of the Postal Service. Plaintiff alleges that she suffered various injuries resulting from the accident. Plaintiff filed suit in the 14th Judicial District Court on September 21, 2005. Shortly thereafter the case was removed to this Court.

## LAW AND ANALYSIS

Defendants move to dismiss the Complaint for lack of subject matter jurisdiction pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure. Defendants maintain that this Court is without subject matter jurisdiction because Plaintiff has failed to comply with the requirements of 28 U.S.C. § 2675(a). This statutory requirement provides as follows:

> (a) An action shall not be instituted upon a claim against the United States for money damages for injury or loss of property or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, unless the claimant shall have



first presented the claim to the appropriate Federal agency and his claim shall have been finally denied by the agency in writing and sent by certified or registered mail. The failure of an agency to make final disposition of a claim within six months after it is filed shall, at the option of the claimant any time thereafter, be deemed a final denial of the claim for purposes of this section.

An action may be dismissed for lack of subject matter jurisdiction on any one of three separate grounds: (1) the complaint standing alone; (2) the complaint supplemented by undisputed facts evidenced in the record; or, (3) the complaint, the undisputed facts, and the court's resolution of disputed facts.[1]

The United States, as sovereign, is immune from suit except in the manner and degree sovereign immunity is waived.[2] The FTCA is a limited waiver of the sovereign immunity of the United States, and must be strictly construed in favor of the United States.[3]

The United States, however, has not simply issued carte blanche to be sued under the FTCA. One requirement is that an administrative claim be first presented to the appropriate federal agency, and either be denied in writing by the federal agency, or be deemed denied by the passage of six months from the date of presentment to the agency.[4] An administrative claim is "presented" when the Postal Service receives written notification of the accident accompanied by a claim for money damages in a, "sum certain."[5]

The Postal Service received a claim from Plaintiff on December 27, 2005 for injury and

---

[1] *Voluntary Purchasing Groups, Inc. v. Reilly*, 889 F.2d 1380, 1384 (5th Cir. 1989).

[2] *U.S. v. Testan*, 424 U.S. 392, 96 S.Ct. 948 (1976).

[3] *Vernell v. U.S. Postal Service*, 819 F.2d 108, 111 (5th Cir. 1987).

[4] 28 U.S.C. § 2675(a).

[5] 39 C.F.R. § 912.5(a).

damages. The instant suit was filed on September 21, 2005. Federal courts lack jurisdiction over any action initiated by a claimant before the six month administrative review period has elapsed.[6] Accordingly, Plaintiff has failed to exhaust the administrative remedies provided for in 28 U.S.C. § 2765(a).

## CONCLUSION

Based on the foregoing, the motion to dismiss for lack of subject matter jurisdiction will be granted and the Complaint will be dismissed without prejudice.

THUS DONE AND SIGNED in Chambers at Lake Charles, Louisiana, this 12th day of ~~March~~ April, 2006.

JAMES T. TRIMBLE, JR.
UNITED STATES DISTRICT JUDGE

---

[6] *Reynolds v. United States*, 748 F.2d 281, 292-293 (5th Cir. 1984).